WATTERS, Respondent, vs. McGUIGAN, Appellant.

*August.30 — September 18, 1888.*

*Contracts: Construction: Validity: Statute of frauds: Interest in lands: Partnership: Accounting.*

1. Where a contract is fairly open to two constructions, by one of which it would be lawful and by the other unlawful, the former must be adopted.
2. An oral agreement by which plaintiff and another person were to look up and locate lands, and the defendant was to enter and pay for the same and take the title in his own name, and afterwards sell and dispose of them for the benefit of all, and pay to the plaintiff one fourth of the proceeds of such sale, is not void under sec. 2302, R. S., as creating an estate or interest in lands,— the proceeds being referred to merely as a measure of the compensation to be paid plaintiff for his services.
3. Under such contract there could be no question of profits or losses, and hence there was no partnership and no occasion for an accounting.

APPEAL from the Circuit Court for *Ashland* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This action is to recover moneys which the plaintiff claims as his share of the proceeds of the sale of certain lands alleged to have been entered and purchased by the defendant under an agreement by which they were to be looked up and located by the plaintiff and one Peter McGuigan, and then to be purchased by the defendant and the title taken in his own name, and then to be held and finally sold and disposed of by him for the benefit of himself, Peter McGuigan, and the plaintiff; he, the said defendant, upon such sale to pay to the plaintiff one fourth of such proceeds, and to the said Peter one fourth, and to retain the other one-half for himself. It is alleged that the proceeds of the lands so looked up and located by the

plaintiff and said Peter, and so sold and disposed of by the defendant, were received by the latter in December, 1887, and amounted to $11,500; and judgment is demanded for one fourth of that sum, to wit, $2,875, with interest thereon from December 31, 1887. The answer is a general denial. At the close of the trial, the jury returned a verdict in favor of the plaintiff for $2,916.92, from which the plaintiff remitted $21.92, and judgment was thereupon entered for the balance of $2,896 as damages, and $34.85 costs, amounting in all to $2,930.85. The defendant appeals.

For the appellant there was a brief signed by *Tomkins, Merrills & Smith,* and oral argument by *J. J. Miles* and *W. M. Tomkins.* They contended that the agreement set out in the complaint was for an interest in lands and, being merely oral, is void under secs. 2302, 2077, R. S. Evidence to prove such an agreement should have been excluded. *Daniels v. Bailey,* 43 Wis. 566; *Richardson v. Johnsen,* 41 id. 100; *Yates v. Martin,* 2 Pin. 171; *Rice v. Roberts,* 24 Wis. 461; *Gough v. Dorsey,* 27 id. 119. The contract is at least a parol contract of partnership to deal in lands, and as such within the statute; and if a valid contract the action should be one for an accounting. *Tolford v. Tolford,* 44 Wis. 547, and cases cited; *Bird v. Morrison,* 12 id. 138; *Sauntry v. Dunlap,* id. 364.

For the respondent there was a brief by *Lamoreux & Gleason,* and oral argument by *E. F. Gleason.* To the point that the agreement was not void under the statute of frauds, they cited *Treat v. Hiles,* 68 Wis. 344; *Miller v. Kendig,* 55 Iowa, 174; *Snyder v. Wolford,* 33 Minn. 175, and cases cited; *Carr v. Leavitt,* 54 Mich. 540; *Trowbridge v. Wetherbe,* 11 Allen, 361.

CASSODAY, J. There can be no question but what, under the contract alleged and proved, the defendant acquired the absolute title to all the lands purchased and sold by him,

free from any trust in favor of the plaintiff. This would be so under the statute, even if the plaintiff's services were to be regarded as a part of the consideration paid for the lands. R. S. sec. 2077; *Week v. Bosworth*, 61 Wis. 85; *Cerney v. Pawlot*, 66 Wis. 265; *Skinner v. James*, 69 Wis. 605; *Campbell v. Campbell*, 70 Wis. 315. The several objections and exceptions in the record are all based upon the theory that by the terms of the contract the plaintiff was to have an "estate or interest" of one fourth in the lands so purchased by the defendant, and hence that the contract was void by the statute of frauds. R. S. sec. 2302. Of course, an agreement to thus acquire the title, and, when acquired, to convey one fourth thereof to the plaintiff, would have been for an "estate or interest in lands," and hence void under that statute. *Dunphy v. Ryan*, 116 U. S. 491. But the court would not be justified in straining the terms of the contract so as to bring it within the statute, and thus do a great injustice to the plaintiff. On the contrary, it is well settled that "where a contract is fairly open to two constructions, by one of which it would be lawful and the other unlawful, the former must be adopted." *Hobbs v. McLean*, 117 U. S. 576; *U. S. v. C. P. R. Co.* 118 U. S. 236. So construed, we may very properly regard the agreement between the parties to have been, in effect, that the defendant would pay his brother Peter and the plaintiff, respectively, for their services in thus looking up and locating the lands, an amount equal to one fourth of what he should sell the lands for. An action for such services is certainly maintainable. *Tucker v. Grover*, 60 Wis. 240; *Schriber v. Le Clair*, 66 Wis. 585; *Treat v. Hiles*, 68 Wis. 344. Such is really the nature of the contract alleged and proved and of this action. The compensation of the plaintiff for his services was to be one fourth of the proceeds of the sales. Such proceeds were referred to merely as a measure of the compensation. Under the contract there could be no question of profits or losses,

and hence no occasion for any accounting. It follows that there was no copartnership.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 39 N. W. Rep. 382.— REP.

