JOHN L. SCHMIDT v. ARTHUR N. BEISEKER.

Opinion filed November 29, 1905.

**Principal and Agent — Contract of Agency — Statute of Frauds — Action for Breach.**

1. Plaintiff employed the defendant to appear at a public sale of a tract of land provided for by the federal laws, and to bid in and purchase the land in plaintiff's name, and pay for the same with defendant's money. Plaintiff was to repay to defendant the funds paid out for the land immediately upon ascertaining the amount, and was to pay defendant a fixed sum for his compensation. Defendant bid in the land in his own name and refused to convey to plaintiff. *Held,* that the contract is a contract of agency, and not within the statute of frauds, and that an action at law for damages for a breach of such contract is properly brought by the principal.

Appeal from District Court, Wells county; *Burke, J.*

Action by John L. Schmidt against Arthur N. Beiseker. Judgment for defendant and plaintiff appeals.

Reversed.

*Hanchett & Wartner,* for appellant.

Where a contract relating to real estate and required by the statute of frauds to be in writing is pleaded with no averment as to whether it is in writing or not, a demurrer on that ground will be overruled, as it is presumed to be in writing. Lewin v. Stewart, 10 How. Pr. 509; Cranston v. Smith, 6 R. I. 231; Sanborn v. Rodgers, 33 Fed. 851; Brennan v. Ford et al., 46 Cal. 8; Tucker v. Edwards,, 3 Pac. 233; Hayt v. Hunt, 15 Pac. 410; Mayger v. Cruse et al., 6 Pac. 333; Groce v. Jenkins et al., 5 S. E. 352; Day v. Dalziel, 32 S. W. 377; Strouss v. Elting, 110 Ala. 132; New York & T. Land Co. v. Dooley, 77 S. W. 1030; Taliefero v. Smiley, 37 S. E. 800; Bradford Inv. Co. v. Joost et al., 48 Pac. 1083; Stearns v. Lake Shore & M. S. Ry. Co., 71 N. W. 148; Gale v. Harp, 43 S. W. 144; Lupean v. Brainerd, 46 N. Y. Sup. 1044.

An agent should follow faithfully his principal's directions, keep him informed of his transactions, act in the utmost good faith, and not speculate himself in the subject matter of the agency to the detriment of his principal, or he is liable in damages for any loss sustained by his principal. 1 Am. & Eng. Enc. Law (2d Ed.) 1058, 1069, 1071; Commercial Bank v. Red River Valley Nat'l Bank, 8 N. D. 383, 79 N. W. 859.

Where defendant pleads over and goes to trial, the rule of fair and reasonable intendment applied, and all objections as to form and slight omissions are waived. Andrews' Stephens' Pleading, sections 141-142; Bauman v. Bean, 23 N. W. 451; Garrett v. Tratter, 65 N. C. 430; Marvin v. Weider, 48 N. W. 825.

A defect in the complaint curable by amendment is waived by going to trial without objection. Becknell v. Spier, 27 N. Y. Sup. 386; Strait v. City of Eureka, 96 N. W. 695.

The practice of answering and then objecting to evidence on the ground that the complaint does not state a cause of action is disapproved in this state. Pine Tree Lumber Co. v. City of Fargo, 12 N. D. 360, 96 N. W. 357; Schweinber v. Gt. Western Elevator Co., 9 N. D. 113, 81 N. W. 35; Chilson v. Bank of Fairmont, 9 N. D. 96, 81 N. W. 33.

*Besessen & Berry* and *Burke & Middaugh,* for respondent.

No action will lie for damages for violation of a parol agreement to convey. Warvell on Vendors, 984.

If a party asserting a resulting trust made no payment he cannot show by parol proof that the purchase was made for him or on his account. Botsford v. Burr, 2 Johns Ch. 405; Steere v. Steere et al., 5 Johns Ch. 1; Pinnock v. Clough, 16 Vern. 500; Howland v. Blake, 97 U. S. 624, 24 L. Ed. 1027; Levy v. Brush, 45 N. Y. 589; Richardson v. Johnsen, 41 Wis. 100; Payne v. Patterson, 77 Pa. St. 134; Bander v. Sugden, 5 Barb. 63; Lathrop v. Hoyt, 7 Barb. 59; Story Eq. Jur,. section 501a; Parsons v. Phelan, 134 Mass. 105; Gettman v. Gettman, 1 Barb. Ch. 499; Davis v. Wetherall, 11 Allen 19.

MORGAN, C. J. This is an action for the recovery of damages for the breach of a contract of agency. Plaintiff employed the defendant to appear for him at the United States land office at Devils Lake and purchase for him a fractional tract of land advertised to be there sold to the highest bidder, under a provision of the United States statutes. The complaint alleges that plaintiff and defendant entered into a contract under which defendant was to appear at said office, bid in and purchase the described tract, pay for it with defendant's money, and that plaintiff was to repay defendant for the money paid for the land as soon as he should ascertain the sum that defendant had paid for said land, and plaintiff was also to pay defendant the sum of $75 as his compensation

for his services at the same time; that defendant appeared at said land office and bid in and purchased said land for himself in his own name, contrary to his instructions and contract; and procured the evidence of the title to said tract to be issued in his own name, and thereafter sold said land to another person, and thereafter refused to convey the said land to the plaintiff upon being requested so to do; that the value of said land is the sum of $1,000, for which sum plaintiff demands judgment, less $145, the sum paid by the defendant for said land. The defendant answered by a general denial. After a jury was impaneled to try the case, the defendant objected to the introduction of any evidence under the complaint, for the reason that the same does not state facts sufficient to constitute a cause of action; and for that reason defendant also moved for judgment on the pleadings at that time. The court sustained this objection and the motion, and judgment was entered dismissing the action. The point on which this ruling was based is that the contract set forth in the complaint is one that relates to a conveyance of an interest in real estate, and is therefore invalid under the provisions of the statute of frauds. Other alleged defects are urged against the complaint, to the effect that the contract pleaded is so indefinite that an action for damages cannot be predicated thereon. These alleged defects are not such as to render the cause of action defective in matters of substance. Plaintiff asked to have the complaint amended after the objection to any evidence being admitted was made, and these amendments should have been allowed. In ruling on such objections the complaint will be more liberally construed than when it is attacked by demurrer. Waldner v. Bank (N. D.) 102 N. W. 169.

The question which the defendant principally relies on, and devotes nearly the whole of his written argument to, is that the contract was not in writing, and therefore invalid. The gist of the contract relied on and pleaded is that defendant and plaintiff contracted that defendant was personally to appear at the land office or procure another to there appear for him and purchase the land for the plaintiff, and in plaintiff's name to receive the receiver's receipt from the local land office. Defendant agreed to pay the price at which the land was bought from the United States. Plaintiff agreed to repay said purchase price to the defendant immediately, and as soon as he ascertained the amount of the same, and further agreed to pay to the defendant the sum of $75 for his compensa-

tion. Does this contract relate to a sale of, or to an interest in, real estate, and render the contract invalid as being "an agreement for a sale of real property or of an interest therein," under section 3960, Rev. Codes 1899? We conclude that the contract was simply one of agency or employment and cannot be construed to mean that it in any way involved a purchase of the real estate or of any interest therein by the defendant. It does not contemplate that in the performance of the contract the defendant was to take title in himself and was thereafter to convey it to the plaintiff. The statute of frauds deals with contracts necessarily affecting the title and conveyance of real estate as between the parties to the contract. This contract is one of agency. Because the agency involved a bidding in of real estate in the name of the principal, it did not become a contract for the sale of real estate as between the plaintiff and defendant. It involved a purchase of the land by the plaintiff through his agent, the defendant, but no sale or conveyance by the agent to the principal was to follow under the contract. The title was not to be in him, and therefore no conveyance by him could have been intended. If the land was to be purchased by the defendant in his own name and then conveyed to the plaintiff, a different question would be presented. The cases cited by the respondent involve contracts that required the agent to convey the real estate to the principal. The distinction between such cases and this one is so obvious that further statement is unnecessary. Burden v. Sheridan, 36 Iowa, 124, 14 Am. Rep. 505, is cited as in point, but that case involved a contract requiring the agent to convey to the principal. The following cases hold contracts such as here involved not within the provisions of the statute of frauds. Watters v. McGuigan, 72 Wis. 155, 39 N. W. 382; Carr v. Leavitt, 54 Mich. 540, 20 N. W. 576; Wilson v. Morton, 85 Cal. 598, 24 Pac. 784; Baker v. Wainright, 36 Md. 336, 11 Am. Rep. 495; Snyder v. Wolford, 33 Minn. 175, 22 N. W. 254, 53 Am. Rep. 22; Gardner v. Randell (Tex. Sup.) 7 S. W. 781; Miller v. Kendig (Iowa) 7 N. W. 500; Rose v. Hayden, 35 Kan. 106, 10 Pac. 554, 57 Am. Rep. 145. These cases are in point as sustaining the proposition that actions for damages may be based on such contracts although made in parol.

Respondent also insists that defendant did not become a trustee of this land for the plaintiff. We do not think that the question is involved. The plaintiff does not seek to follow the land in an

equitable action. He brings an action at law for damages. No valid objection is made to the contract set forth, and, under the authorities cited, we hold it to be a valid and enforcible contract in an action at law by the principal for damages.

The judgment is reversed, and the cause remanded for further proceedings. All concur.