JOHN WEBER et al., Appellants, v. WILLIAM BADER, Respondent.

JOHN WEBER et al. v. KLAUDT.

(172 N. W. 72.)

**Contracts — trust relationship — Statute of Frauds.**

> An oral contract between several parties that one shall purchase school land in his own name, with his own money, and hold the same in trust for the benefit of other parties, is within the Statute of Frauds and is void.

Opinion filed March 10, 1919. Rehearing denied April 10, 1919.

Appeal from the District Court of McIntosh County, Honorable *A. T. Cole,* Special Judge.

From an order sustaining a demurrer to complaint, plaintiffs appeal. Affirmed.

*Lynn & Lynn (H. A. Bronson,* of counsel), for appellants.

Where the lessors of each quarter of land were holding their right, title, and interest in the premises so used in trust for the benefit of the joint enterprise, same constituted a partnership. Comp. Laws 1913, § 6386; Kayser v. Maughan, 8 Colo. 232; See notes in 115 Am. St. Rep. 400, and 43 Am. St. Rep. 429.

Where a party purchases common property put up at a trust deed sale under an express agreement to hold the legal title for the joint benefit of himself and copartners, he holds legal title charged with a constructive trust, and equity will compel its fulfilment. Hadgson v. Fowler, 24 Cal. 278, 50 Pac. 1034; See notes in 37 L.R.A. (N.S.) 899, and 4 L.R.A.(N.S.) 427; Floyd v. Duffy, 68 W. Va. 339, 33 L.R.A.(N.S.) 883, 69 S. E. 993; See also Vaught v. Hogue, 32 Ky. L. Rep. 1061, 107 S. W. 757; Mallon v. Buster, 121 Ky. 379, 123 Am. St. Rep. 201, 89 S. W. 257; Griffin v. Schlenk (Ky.) 102 S. W. 837; Koyer v. Willmon (Cal.) 90 Pac. 135; Jones v. Davies, 60 Kan. 309, 72 Am. St. Rep. 354; Berry v. Evendon, 14 N. D. 1; Morris v. Rugel (S. D.) 101 N. W. 1086.

Where the parties concerned in the purchase of land occupy a con-

NOTE.—On Statute of Frauds as affecting legal remedy for breach of contract for and in the name of another, see note in 5 L.R.A.(N.S.) 123.

fidential relation to each other, they will be held to be trustees for each other. Comp. Laws 1913, § 6395; Carr v. Craig, 116 N. W. 720.

*Remington & Burke,* for respondent.

A contract uncertain both as to its parties, the time of its performance, and the extent of the obligation, is void. Johnstone v. Platnor (S. D.) 8 N. W. 926; 13 C. J. 329; Berry v. Hooper (Mich.) 146 N. W. 275.

Where there is no other consideration for a contract the mutual promise must be binding upon both parties. 6 R. C. L. 687.

A party against whom redress by specific performance cannot be sought cannot himself as a rule seek it. 6 R. C. L. 692; Wardell v. Williams (Mich.) 4 Am. St. Rep. 814; Gunner v. Carlton (Cal.) 27 Am. St. Rep. 171; note in 27 Am. St. Rep. 173, 174.

This action was brought to establish a trust, rather than for specific performance in order to get around the Statute of Frauds. N. D. Comp. Laws 1913, §§ 5888, 5963; 20 Cyc. 312 and cases cited.

The Statute of Frauds applies to an agreement to buy for another. Brosnan v. McKee (Mich.) 30 N. W. 107; McDonald v. Maltz (Mich.) 44 N. W. 337; Raub v. Smith (Mich.) 28 N. W. 676; Seymour v. Cushvag (Wis.) 76 N. W. 769.

Robinson, J. This is an appeal from an order sustaining a demurrer to the complaint. It avers that in February, 1918, the plaintiffs were jointly, with others, engaged in the business of pasturing stock for themselves and others and in the joint possession of a half section of school land which they held under a lease from the state, with improvements worth $400; that as the half section was about to be exposed for sale at public auction the parties agreed among themselves that some one of their number should purchase the same in his name for the use and benefit of all the plaintiffs and the defendant and *for those who should come in and contribute equally to the cost and the purchase price of the land.* This the defendant promised and agreed to do. Then he went to Ashley and purchased the land in his own name at $25 an acre, paying $979, and expenses $10; and he now holds the contract of purchase in his own name and denies the plaintiffs any beneficial interest in the contract, though each has offered to pay his

share of the price and expense; wherefore, the plaintiffs ask the court to adjudge defendant a trustee of the land for their benefit.

The defense is that the alleged agreement is within the Statute of Frauds, and that the complaint fails to show a mutual agreement between the defendant and the plaintiff "and the others" who now claim no interest in the land. It is contended that the complaint shows a special partnership, and that in purchasing the land the defendant acted as one of the partners, and hence the agreement is not void because of the statute.

But a partnership is an association of two or more persons for the purpose of carrying on a business together and dividing the profits between them. Section 6386. And under the lease the plaintiffs held the land as tenants in common, each person using it for the pasturage of his cow or cows, or for his own individual benefit, and such was the use contemplated by the purchasers. There was no association for the purpose of carrying on a business and dividing the profits. Hence, there was no partnership. If we concede that the complaint shows an oral contract between the defendant and the plaintiffs, and not between them "and others who might choose to contribute to the cost and the purchase price," then the question is: Was it competent for defendant to make a valid oral contract to purchase the land in his own name, with his own money, and to hold the same in trust for the other parties? A purchaser of school lands must execute a contract of purchase, which must be in writing and in the name of the purchaser. Section 308. Without written authority a person may not contract to purchase school land in the name of another. The authority to do an act required to be in writing can only be given by an instrument in writing. Section 6330. Now, every contract for an interest in real property must be in writing. Section 5888. If defendant promised to buy the school land in his own name, with his own money, and to hold the same for the benefit of another, it was a contract for an interest in real property, and, not being in writing, it is void. It is not a contract of agency. Schmidt v. Beiseker, 14 N. D. 587, 5 L.R.A.(N.S.) 123, 116 Am. St. Rep. 706, 105 N. W. 1102. The oral contract is clearly void for want of mutuality, and because it is a contract for the purchase of an interest in land and it is not in writing. Affirmed.

There is pending another case between the same plaintiffs and

John Klaudt, which is in all respects the same as this—and the decision is the same. It is affirmed.

BRONSON, J., being disqualified, did not participate, Honorable C. M. COOLEY, Judge of First Judicial District, sitting in his stead.