EDWARD C. INDERLIED vs. BLANCHE R. CAMPBELL.

Cumberland.    Opinion October 14, 1920.

*Statute of Frauds. Memorandum. Lease. Evidence. An agreement between principals that one shall procure and assign to the other, a lease of a building, is a contract concerning an interest in lands and must be in writing.*

In an action to recover for an alleged breach of an agreement for the sale and purchase of certain lodging house furniture under which agreement it is alleged that the defendant also agreed to obtain from the owner of the house a lease of the premises for a term of years and assign the lease to the p'aintiff, and where the breach alleged is the failure to obtain and assign the lease,

*Held:*

That the agreement in this case was not one of agency where one has agreed to purchase land or obtain a lease for another and in the principal's name, nor where an agent has agreed to purchase an interest in real estate and convey or assign it to his principal, but a contract between two principals, the agreement to obtain the lease being clearly a part of the consideration for the purchase of the furniture.

An agreement to assign a lease is a contract concerning an interest in lands and must be in writing.

This is an action on the case brought in the Superior Court in the County of Cumberland, to recover for an alleged breach of an agreement, wherein defendant agreed to sell to plaintiff his lodging house business and furniture carried on in Portland on Congress Street, and further agreed to procure from the owner of the lodging house premises a lease for two years, with right of renewal for same term, and assign said lease to plaintiff. Plea, the general issue, with a brief statement setting up the statute of frauds, on the ground that the contract declared on related to an interest in real estate and must be in writing. On conclusion of evidence by plaintiff, the presiding Justice ruled that the evidence was insufficient to remove the contract from the Statute of Frauds, and ordered a non suit, to which ruling the plaintiff excepted. Exceptions overruled.

Case stated in the opinion.

*Strout & Strout*, for plaintiff.

*W. G. & C. D. Chapman*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

WILSON, J. An action on the case to recover for an alleged breach of an agreement for the sale and purchase of certain lodging house furniture, under which agreement it is alleged in the declaration that the defendant also agreed to obtain from the owner of the house in which the defendant was then doing a lodging house business a lease of the premises for a certain term of years and assign the same to the plaintiff. The breach set forth in the declaration is a failure to obtain a lease for the term agreed upon.

In the trial of the cause in the court below it appeared that the agreement, except for the part relating to the furniture, which was afterwards reduced to writing, was an oral one. At the close of the plaintiff's evidence the court ruled in substance: That the agreement to obtain a lease and assign it to the plaintiff was a contract concerning an interest in real estate and must, therefore, be in writing, and that such documentary evidence as was introduced in the case by the plaintiff was not sufficient to comply with the Statute of Frauds in this particular and ordered a non suit, to which ruling the plaintiff excepted.

The plaintiff now concedes that the evidence in writing introduced by him as to the procuring and assignment of the lease is not sufficient to comply with the statute, but contends that the agreement is not one concerning an interest in real estate and hence written evidence of the agreement was not necessary.

The contract in the case, however, is not one of simple agency by which one party agreed to obtain a lease or purchase real estate for another and in the principal's name which the authorities are all agreed need not be in writing. *Snyder* v. *Walford*, 33 Minn., 175; *Carr* v. *Leavitt*, 54 Mich., 540; *Trowbridge* v. *Wetherbee*, 11 Allen, 361; *Baker* v. *Wainwright*, 36 Md., 336; nor even, we think, a contract of agency by which the agent agrees to purchase an interest in real estate and convey or assign it to his principal, concerning which and the kind of evidence required in proof, the courts are not in accord. *Johnson* v. *Hayward*, 74 Neb., 157, 5. L. R. A., (N. S.) 112 note, *Schmidt* v. *Beiseker*, 14 N. D. 587, 5 L. R. A. (N. S.), 123 and note, *Burden* v. *Sheridan*, 36 Iowa, 125, *Collins* v. *Sullivan*, 135 Mass., 461.

The case at bar, therefore, does not involve a question of agency.

The declaration does not so allege, but sets forth a contract between two principals. The agreement to obtain and assign the lease, from the plaintiff's own testimony, was clearly a part of the consideration for the purchase of the furniture, which in effect was the acquiring of the defendant's lodging house business.

That the assignment of a lease is a contract concerning an interest in lands there can be no question, *Kingsley* v. *Siebrecht*, 92 Maine, 23. The contract being between two principals and to obtain and assign a lease, it is within the Statute of Frauds and could not be proved by oral testimony. *Dunphy* v. *Ryan*, 116 U. S., 491; *Howland* v. *Blake*, 97 U. S., 624; *Kendall* v. *Mann*, 11 Allen, 15, 17, *Davis* v. *Wetherell*, 11 Allen, 19; *Parsons* v. *Phelan*, 134 Mass., 109; also see *Collins* v. *Sullivan*, *Schmidt* v. *Bieseker*, supra, *Myers* v. *Byerly*, 45 Pa. St., 368. Entry will be,

*Exceptions overruled.*