**TOWN OF LISBON**

v.

**THAYER CORPORATION et al.**

Supreme Judicial Court of Maine.

Argued April 1, 1996.

Decided April 29, 1996.

Roger Therriault (orally), Bath, for Plaintiff.

Harold N. Skelton (orally), Jonathan R. Doolittle, Skelton, Taintor & Abbott, Auburn, for Thayer Corp.

Elizabeth Knox Peck (orally), Thompson & Bowie, Portland, for Industrial Roofing Corp.

Edward W. Gould, Gross, Minsky, Mogul & Singal, Bangor, for H.E. Sargent.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

DANA, Justice.

Thayer Corporation and various other lienholders,[1] appeal from a summary judgment entered in the Superior Court (Androscoggin County, *Fritzsche, J.*) in favor of the Town of Lisbon on their counterclaims for a breach of contract. The Town cross-appeals from a summary judgment in favor of the lienholders on the Town's complaint for injunctive relief alleging a breach of contract and interference with contractual relations. The lienholders contend that the court erred in interpreting the term "sale" in an agreement between the parties to not include the leasing of a substantial portion of a development known as Farwell Mill. The Town contends that the court erred in determining that it had not complied with M.R.Civ.P. 7(d). We vacate the summary judgment on the lienholders' counterclaims and affirm the summary judgment on the Town's complaint.

After the failure of a private developer's attempt to develop the Farwell Mill property in Lisbon into apartments and prior to the Town's acquisition of title to the failed development by tax lien, the Town and the lienholders entered into an agreement that provided the lienholders would not pay the delinquent taxes and would allow the Town to foreclose, vesting title in the Town. In return, the Town agreed to recognize the lienholders' liens as surviving the foreclosure process, to prepare and actively market the sale of the mill property, and to pay the lien claims out of the proceeds of a sale of the property. After the Town acquired title to the property it continued to develop the property and by August 1994 had leased 40 residential apartments and was collecting approximately $15,000 per month in rent. The Town refused to pay over any of the rental proceeds to the lienholders. Additionally the Town rejected two offers to purchase the entire project.

The Town commenced an action against the lienholders alleging that an executive with Thayer Corporation, on its behalf and as a representative of the other lienholders, interfered with a potential sale of the mill. The Town sought an award of damages for the interference, an injunction against further interference, and a declaratory judgment that the interference constituted a breach of the agreement between the Town and the lienholders. The lienholders counterclaimed, alleging that the Town breached the agreement by not recognizing that its leasing of portions of the mill property constituted a "sale" pursuant to the terms of the agreement. The lienholders filed motions for a summary judgment on their counterclaims and the Town's complaint. The court granted their motions for a summary judgment on the Town's complaint and entered a summary judgment in favor of the Town on their counterclaims. This appeal followed.[2]

1. Thayer Corp., W.E. Cloutier & Co. Inc, and Knowles Industrial Services Corp. filed a notice of appeal on behalf of themselves and all the listed lienholders involved in the action: DeVoe Color Center of Lewiston, Inc., Precast Concrete Products, Inc., North Country Tool & Supply of Maine, Inc., Industrial Roofing Corp., Enterprise Electric, Stanley Elevator Co., Inc., Loring Acoustics, Inc., and Terrien Architects, Inc.

2. Thayer filed a motion for reconsideration and a motion to amend its counterclaim to add an additional count for breach of contract, *quantum meruit*, and unjust enrichment. The court denied Thayer's motion for reconsideration. Because appeals had already been filed regarding the court's decision as to the summary judgments, the court stayed Thayer's motion to

■ In reviewing an appeal from the grant of a summary judgment we view the evidence in a light most favorable to the party against whom the judgment was entered and review the trial court's decision for errors of law. *Gonzales v. Commissioner, Dept. of Pub. Safety,* 665 A.2d 681, 682 (Me. 1995). When there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law we will affirm a summary judgment. *Id.* at 682–83.

## I.

Paragraph 5 of the agreement between the Town and the lienholders states in relevant part:

Upon the sale of the premises, as defined below, the entire Lien Judgment Amount shall be due and payable at once to be paid out of the proceeds of sale. "Sale" is defined as the sale, conveyance, or other transfer of the title or ownership of the Premises, or any part thereof, or the passage of any interest of the Town, either voluntarily or involuntarily by operation of law or otherwise. In the event of a default in payment by the Town then the Mechanics Lienors shall have the right to seek enforcement of their lien claims under sale provisions of 10 M.R.S.A. § 3259.

Because the monthly lease payments would not likely be sufficient to immediately pay the lienholders in full, the court concluded that the term "sale" in the agreement does not include the leasing of a portion of the mill.

The lienholders contend that the leasing of space in the mill constitutes a "sale" as that term is defined in the agreement. The Town contends that a lease of individual units was not the kind of sale or transfer the parties contemplated would trigger payment to the

lienholders because a lease transaction does not produce "proceeds of sale," rather it produces a stream of income over the period of the lease. The Town further contends that paragraph 7 of the agreement, that provides that the Town must prepare and market the property for a sale in conformity with the requirements of its agreement with HUD, requires the Town to complete and lease units of the mill.[3]

■ Whether contract language is ambiguous is a question of law. *Fitzgerald v. Gamester,* 658 A.2d 1065, 1069 (Me.1995). The interpretation of unambiguous language in a contract is a question of law. *Top of the Track Assocs. v. Lewiston Raceways, Inc.,* 654 A.2d 1293, 1296 (Me.1995). If contract language is ambiguous, however, its interpretation is a question of fact that must be determined by the factfinder. *Tondreau v. Sherwin–Williams Co.,* 638 A.2d 728, 730 (Me.1994). When a written contract is ambiguous and the record does not completely eliminate the possibility of an issue of material fact regarding the intent of the parties, a summary judgment is inappropriate. *Id.* "Contract language is ambiguous when it is reasonably susceptible to different interpretations." *Fitzgerald,* 658 A.2d at 1069 (citation omitted).

■ The plain language of paragraph 5 defines "sale" to include "the passage of any interest of the Town." A lease conveys a possessory interest in the land to another for a period of time. *See Inderlied v. Campbell,* 119 Me. 303, 305, 111 A. 333, 334 (1920) ("[A]ssignment of a lease is a contract concerning an interest in lands. . . ."); 3 Thompson, *Thompson on Real Property,* § 1015 at 7 (1980) ("A leasehold is an interest in real property subject to lis pendens."). The court's conclusion that these leases were un-

amend its counterclaim pending a ruling by us as to when, if at all, that motion should be considered.

**3.** Paragraph 7 of the agreement states:
Upon passage of title . . . the Town shall take whatever steps are necessary to adequately secure the Premises and shall use its best efforts to prepare and actively market the property for sale in accordance with good commercial practices and in conformity with the requirements of the Town's Department of Housing

and Urban Development (HUD) Agreement so long as same may be in effect.
In 1984 the Town entered into an agreement with HUD for a Housing Development Action Grant in the amount of approximately 2.5 million dollars. The money was a loan to the Town and required completion of the development project and 90% occupancy in accordance with HUD guidelines in order for the money loaned to become a grant.

ambiguously not sales within the meaning of the agreement is not supportable. At the very least the agreement is ambiguous as to whether the leasing of a portion of the mill property constitutes a "sale."

Because the agreement is ambiguous, its meaning should not have been determined at the summary judgment stage. *Devine v. Roche Biomedical Lab., Inc.,* 637 A.2d 441, 445 (Me.1994) ("The proper interpretation of the ambiguous language must be determined by the trier of fact on the basis of evidence presented to it at the time of trial.").

## II.

The lienholders filed a motion for a summary judgment on the Town's complaint supported by a statement of material facts. Incorporated in its memorandum in opposition the Town advanced additional uncontroverted facts supported by record references. The Town did not, however, file a separate statement containing those facts and references. The court granted a summary judgment in favor of the lienholders because the Town "has failed to file the statement required by Rule 7(d), M.R.Civ.P."[4]

■ M.R.Civ.P. 7(d)(2) requires that a party opposing a motion for a summary judgment file a "separate, short and concise statement of the material facts, supported by appropriate record references, as to which it is contended that there exists a genuine issue to be tried." If a party fails to file a counter statement of material facts in accordance with this rule, all facts alleged in the moving party's statement of undisputed facts are deemed admitted. *Guiggey v. Bombardier,* 615 A.2d 1169, 1171 (Me.1992). We need not decide whether the court erred in strictly applying M.R.Civ.P. 7(d) because a summary judgment was proper for the alternate reason that the Town failed to produce sufficient evidence to withstand a judgment as a matter of law at trial for the lienholders. *Bakal*

*v. Weare,* 583 A.2d 1028, 1030 (Me.1990) (summary judgment granted on erroneous basis will be affirmed by Law Court if it was proper on other grounds).

■ A summary judgment in a defendant's favor is appropriate when the plaintiff bears the burden of proof on an essential element at trial and it is clear the defendant would have been entitled to a judgment as a matter of law at a trial if the plaintiff produced no more evidence than was before the court on the motion for a summary judgment. *Barnes v. Zappia,* 658 A.2d 1086, 1089 (Me.1995). To avoid a judgment as a matter of law for a defendant, a plaintiff must establish a *prima facie* case for each element of his cause of action. *Id.* A judgment as a matter of law in a defendant's favor is proper when any jury verdict for the plaintiff would be based on pure conjecture or speculation. *Id.*

■ Pursuant to Maine law, in order to sustain a claim for tortious interference with a contractual relationship, the Town must show "interference by 'fraud or intimidation' that procures the breach of an existing contract that would have continued but for such wrongful interference." *Tri–State Rubbish, Inc. v. Waste Management, Inc.,* 875 F.Supp. 8, 14 (D.Me.1994).

■ The Town asserted in its memorandum of facts that Thayer leaked to the press private correspondence from a potential buyer's attorney to the Town's attorney regarding bad faith in the Town's dealing with the project. The Town stated that this release of correspondence was consistent with Thayer's interference with the project and attached the correspondence and a newspaper article.

The Town failed to produce competent evidence of fraud, intimidation, or undue influence by any of the lienholders. *See Mac-Naughton v. Cossin,* 493 A.2d 1040, 1043

---

4. M.R.Civ.R. 7(d)(2) states that:
   The party opposing a motion for summary judgment shall file ... a separate, short and concise statement of the material facts, supported by appropriate record references, as to which it is contended that there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party, if supported by appropriate record references, will be deemed to be admitted unless properly controverted by the statement required to be served by the opposing party.

(Me.1985). Additionally the Town presented no evidence that the release of the letter constituted a breach of any provision of the agreement. Thus the court properly granted a summary judgment in favor of the lienholders on all counts of the Town's complaint.

The entry is:

Summary judgment in favor of the defendants on all counts of the Town's complaint affirmed. Summary judgment in favor of the Town on the defendants' counterclaims vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.