STATE OF MAINE
OXFORD, SS.

RECEIVED AND FILED

DEC 13 2001

Donna L. Howe
CLERK OF COURTS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-41
EAG - OXF -16/

MARGARET A. GUINAN,
CAROLYN M. REILLY, and
LINDA A. MEYER,
            Plaintiffs

      v.                                    ORDER

ROMEO BAKER,
JOAN BAKER,
JULIE STEVENS, and
FRANCIS X. KEAVENEY,
            Defendants

      v.                          DONALD L. GARBRECHT
SKI VIEW LLC, and                      LAW LIBRARY
OLD MOUNTAIN ROAD LLC,
            Parties-in-Interest.        MAY 10 2002

## PROCEDURAL HISTORY

On June 21, 2000, plaintiffs initiated an action against Romeo Baker, Joan Baker, Julie Stevens, and Francis Keaveney. Margaret A. Guinan, Carolyn M. Reilly, and Linda A. Meyer are the adult children of Romeo Baker.[1] Joan Baker is Mr. Baker's current wife; Julie Stevens is her daughter; and Francis Keaveney is Ms. Stevens' fiancé. After completing some discovery, plaintiffs requested and received permission to file an eight-count Amended Complaint. The Amended Complaint included claims against Ski View LLC and Old Mountain Road LLC. Ski View LLC

---

[1] Their youngest sister, Jane Derleth, was one of the original parties, but dismissed her claim soon thereafter.

is a limited liability company created by Stevens and Keaveney. Old Mountain Road LLC is a limited liability company created by Romeo and Joan Baker.

On February 9, 2001, Romeo and Joan Baker and Old Mountain Road LLC filed a motion to dismiss Counts IV, V, and VI of the Amended Complaint. On February 15, 2001, Keaveney, Stevens, and Ski View LLC filed their own motion to dismiss Counts IV, V, and VI of the Amended Complaint. In an Order dated April 4, 2001, both motions were granted, and Counts IV, V, and VI of the Amended Complaint were dismissed. Counts I, II, III, VII, and VIII were left pending.

On May 18, 2001, Mr. Baker filed a motion for summary judgment on Counts I, II, III, and VIII of the Amended Complaint, and on any claims for punitive damages. Joan Baker, Julie Stevens, Francis Keaveney and the LLCs filed their own motion for summary judgment on May 25, 2001, requesting judgment on Count VII. Plaintiffs filed objections to the motions, but did not "admit, deny or qualify" the Statements of Material Fact filed by the defendants.

Plaintiffs filed a cross-motion for summary judgment on June 21, 2001. In addition to these possibly dispositive motions, the parties filed a joint motion for special assignment for trial on May 22, 2001. The three motions for summary judgment were argued on October 12, 2001. During its consideration of these motions, the court has reviewed all documents filed by the parties, and has accepted the undisputed facts recited and properly supported in the parties' statements of material facts. The court has not considered the substantive filings submitted after the motion was argued.

# FINDINGS OF FACT AND CONCLUSIONS OF LAW

In June 1969, the plaintiffs' mother, Jane Runyon Baker, transferred her undivided one-half interest in marital real estate to her brother, Elmer Runyon, with directions that he transfer it to her five children. Mrs. Baker died on August 27, 1969. Mr. Runyon completed the second transfer in December 1969. and, soon after that, Mr. Baker began communicating with his adult children (the three named plaintiffs) about transferring their interests in the real property back to him. As an inducement for their agreement to transfer, Mr. Baker told each child that she would receive her interest back at the time of his death.

At the same time, Mr. Baker obtained guardianship for the two remaining minor children and, as their guardian, transferred their interests in the property back to himself.

The transfers from his children to him took place in 1971 and 1972. Mr. Baker married and divorced a second time between 1970 and 1980. On March 14, 1983, Mr. Baker transferred approximately 32 acres of the property in question to his son and plaintiffs' brother, Randall Baker. Plaintiffs Reilly and Guinan were aware of the transfer when it occurred; Ms. Meyer learned of the transfer some four or five years later.

At approximately the same time, Mr. Baker executed a will that devised to Joan Stevens all real estate owned by him at the time of his death. Mr. Baker married Joan Stevens, on June 6, 1987, and then changed his will to indicate that "Joan Stevens" was now his wife, "Joan Baker."

3

In 1990, Mr. Baker sold an additional 35 acres of the property to Randall Baker. Seven years later, in 1994, Mr. Baker changed his will a second time, devising the residue of his estate to the trustees of the Romeo A. Baker Revocable Trust of 1994.

In 1999, Mr. Baker transferred all of his remaining property to his wife and to Ski View LLC.

On or about March 22, 2000, Mr. Baker executed another will that devised all remaining right, title and interest in his residence to his current wife, and devised all other real property to the Romeo A. Baker Revocable Trust of 1994. By letter dated March 22, 2000, Mr. Baker notified the plaintiffs of his actions.

While this action was pending, Mr. Baker had yet another will created. By the terms of that document, Mr. Baker confirmed the 1999 transfers of property.

DISCUSSION

The standards for decision on motions for summary judgment have been addressed by the Law Court on many occasions:

> In reviewing a summary judgment, we examine the evidence in the light most favorable to the nonprevailing party to determine whether the record supports the conclusion that there is no genuine issue of material fact and that the prevailing party is entitled to a judgment as a matter of law. *(citation omitted)* In testing the propriety of a summary judgment, we accept as true the uncontroverted facts properly appearing in the record. (citation omitted)

*Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 5, 711 A.2d 842, 844. The issue is not whether there are any disputes of fact, but whether any of the disputes involve a "genuine" issue of "material" fact. *See* Rule 56(c). Therefore, to avoid summary

4

judgment as a matter of law, the plaintiffs must establish a *prima facie* case for each element of their causes of action. Despite the language often quoted from older cases, and, as Chief Justice Saufley noted in one of the Law Court's most recent decisions, summary judgment is no longer considered an extreme remedy. *Curtis v. Porter*, 2001 ME 158, ¶7.

## 1. Romeo Baker's Motion for Summary Judgment

Before the merits of Mr. Baker's motion are reached, it is necessary to discuss the standards to be applied. At oral argument on October 12, 2001, counsel for plaintiffs asserted that the recent substantive changes in M.R.Civ.P. 56 were not effective until July 1, 2001 and, therefore, did not apply to this case. However, after further review, plaintiffs' counsel agreed that the substantive changes were in effect as of January 1, 2001. Those changes are discussed in the Advisory notes quoted below:

> Advisory Committee's Notes
> January 1, 2001
> The requirement that motions for summary judgment be supported or opposed by statements of material fact was originally added as Rule 7(d). Its provisions were based on then existing Rule 19(b) of the Local Rules for the United States District Court for Maine in order to have practice similar in Federal and State courts. Experience in summary judgment motion practice indicated need for some clarification of the statement of material fact requirement. Accordingly, in 1999, the Local Federal Rule regarding statements of material fact was amended and renumbered as Rule 56 of the Local Rules. This amendment conforms state practice for statements of material fact to the present Federal Local Rule 56, and moves the statement of material fact requirements back into Rule 56(h). The important changes from Rule 7(d):

— Emphasize that each statement of material fact must be short, concise and supported by a record citation. Pursuant to Rule 56(e), the record citation must be to facts "as would be admissible in evidence."

— Require that opposing statements reference each numbered paragraph of the moving party's statement and admit, deny or qualify those facts, with denials or qualifications supported by record references. Opposing statements may add additional statements of material fact supported by record references.

— Allow a properly supported responding statement by the moving party.

— Specify that record citations must be to specific pages or paragraphs of the record. General references (e.g., "See Deposition Pages 8-25," "See Plaintiff's Affidavit") are no longer sufficient and may be disregarded.

— State that the court has no independent duty to search the record beyond the parts specifically referenced in the parties' statements of material facts.

Advisory Committee's Notes
July 1, 2001

The amendment, striking reference to Rule 7(d) and substituting the reference to subdivision (h) makes a correction necessitated by moving of the statement of material fact requirements from Rule 7(d) to Rule 56(h).

As noted above, the only "new" change effective in July was a correction to clean up the combination of Rules 7 and 56. Rule 56, as amended in January 2001, has been applied to this case.

**A. Count I, Declaratory Judgment, Count III, Breach of Contract and Anticipatory Breach of Contract, and Count II, Constructive Trust and Injunctive Relief**

In Counts I and III of the Amended Complaint, plaintiffs have alleged that, in the early 1970s, there was an agreement between themselves and their father. They

6

maintain that they agreed to convey their interests in the Newry property in exchange for his promise to hold the property in trust, and to transfer the property to all five of his children at his death. The second count of the Amended Complaint requests injunctive relief preventing Mr. Baker from transferring any of his real property to his wife and/or to the Parties-in-Interest.

Mr. Baker has argued that the claims contained in the first three counts of the Amended Complaint are barred by the parol evidence rule, by the doctrine of estoppel by deed, and by the applicable statute of limitations.[2]

The doctrine of estoppel by deed does not apply to this case. Plaintiffs are not attempting to negate the deeds that resulted from their agreements with Mr. Baker in the early 1970s. Rather, they are attempting to enforce the promises he made to induce them to transfer the property to him. Although related by subject, the issues are separate.

For a similar reason, the parol evidence rule also does not apply to this case. This doctrine was discussed by the Law Court three years ago in a case involving the alleged breach of a lease. In that case, the Court explained the rule as follows:

> "The parol evidence rule operates to exclude from judicial consideration extrinsic evidence offered to alter, augment, or contradict the unambiguous language of an integrated written agreement. Application of the rule requires an initial finding that the parties intended the writing to integrate their understandings concerning the subject matter of their agreement."

---

[2]Although he initially argued that the claims were barred by the doctrine of merger by estoppel, Mr. Baker withdrew that argument in light of plaintiffs' response to his motion.

*Handy Boat v. Professional Services, Inc.*, 1998 ME 134, ¶11, 711 A.2d 1306, 1308-1309 (citations omitted). Here, there is no dispute about the language of the deeds transferring the plaintiffs' property to their father. The plaintiffs do not challenge the "agreement" created by the unambiguous language of the deeds. Instead, they hope to enforce a separate, but related agreement, *e.g.*, the agreement documented in the letter Mr. Baker wrote to Linda Meyer on September 25, 1970. According to the plaintiffs, the transfer of property documented in the deeds is simply evidence that they completed their part of the agreement discussed in that letter and in other conversations.

The statute of limitations has not yet begun to run for plaintiffs' claims, because their claim is based upon Mr. Baker's promise to transfer the property upon his death. He is still very much alive. It is true that, if Mr. Baker died today, the plaintiffs would not be receiving the property they transferred to him thirty years ago. However, even Mr. Baker's Statement of Material Facts included contrary statements about the precise promises made to induce the plaintiffs to transfer their property. See, *e.g.*, Romeo Baker's Statement of Material Facts #12 and 15 contrasted with #13 and 14. In addition, because the transfers made have been to the plaintiffs' brother, one of "the children," it is at least arguable that these transfers did not breach any contract made through his promises and the resulting transfers of property. The precise terms of the promise or promises made remains a disputed issue of material fact that should be decided at trial.

## B. Count VIII, Actual or Constructive Fraud

Count VIII of plaintiffs' Amended Complaint is a claim for fraud against Mr. Baker. For the purposes of this order, the court will assume that Mr. Baker did promise to return the farm to his daughters, and that the tort of promissory fraud would be recognized in Maine. To avoid summary judgment on this count, plaintiffs must establish *prima facie* evidence that, at the time he promised to return the property to his children, he did not intend to follow through on that promise.

When responding to Mr. Baker's motion, Plaintiffs failed to deny his Statement of Material Facts. Statements #17, 18 and 19 are of particular importance in this fraud claim, because they go to the heart of Mr. Baker's intent at the time he made his promises.

Baker's Statement #17 asserted that Mr. Baker "changed his mind about leaving the farm to his children in the early 1980s." His Statement #18 asserted that Ms. Guinan does not know whether her father intended to follow through with his promises at the time he made them, and that she does not know whether he was telling the truth when he promised to return the farm. And his Statement #19 asserted that Mr. Baker did not lie when he told Ms. Reilly in 1970 that he would return the farm to the children, and that Ms. Reilly had no evidence to support a claim that her father did not intend to do so at that time. All of these statements are supported by the record citations listed in Mr. Baker's Statement of Material Facts. Because the plaintiffs failed to deny these statements, and because they are supported by their record citations, the court must deem them admitted.

9

In their response to Mr. Baker's motion on Count VIII, plaintiffs argued that certain evidence supported the inference that Mr. Baker lied. They asserted that, because the evidence must be viewed in the light most favorable to them, those inferences are sufficient to withstand judgment for the defendant. However, plaintiffs' Statement of Material Facts #1 contains no statements that might support a *prima facie* determination that, at the time he promised to return the farm, Mr. Baker lied.[3]

As discussed above, by failing to deny the defendant's Statement of Material Facts, plaintiffs have conceded that, approximately ten years after the transfers, Mr. Baker "changed his mind" about leaving the farm to his children. In addition, they have admitted that they have no evidence to establish that, at the time of the transfers, Mr. Baker did not intend to follow through with his promise. Based upon these uncontroverted facts, and the plaintiffs' inability to present any statements of fact about Mr. Baker's intent in the 1970s, the court must conclude that the plaintiffs cannot establish an essential element of their fraud claim. Mr. Baker is entitled to judgment on Count VIII of the Amended Complaint.

### C. Punitive Damages

Mr. Baker has also asserted that, by failing to deny fact #42 of his Statement of Material Facts, plaintiffs have conceded that he did not act with malice or ill will

---

[3] Statement of Material Facts #2 does not refer to the events of the 1970s. Its focus is the more recent land transfers.

toward them. Again, he is correct and, therefore is entitled to judgment on plaintiffs' claim for punitive damages.

## 2. Count VII, Tortious Interference with an Inheritance

In Count VII of their amended complaint, Plaintiffs have alleged that defendants Joan Baker, Julie Stevens, and Francis X. Keaveney, and Parties-in-Interest Ski View LLC, and Old Mountain Road LLC (hereinafter collectively referred to as "the Count VII defendants") tortiously interfered with their expectation of an inheritance. To avoid summary judgment on this claim, plaintiffs must establish *prima facie* evidence of the following elements:

> (1) the existence of an expectancy of inheritance; (2) an intentional interference by a defendant through tortious conduct, such as fraud, duress or undue influence; (3) a reasonable certainty that the expectancy of inheritance would have been realized but for the defendant's interference; and (4) damage resulting from that interference.

*Morrill v. Morrill*, 1998 ME 133, ¶ 7, 712 A.2d 1039, 1041-42.

The record portions cited by the parties would allow a rational fact-finder to decide that the plaintiffs expected to receive the property from their father by way of an inheritance, and that the "loss" of that expectation has resulted in damage to them. Two of the elements of the tort claimed have, therefore, been met.

However, plaintiffs have failed to establish any evidence that the defendants interfered with that expectation through some sort of tortious conduct. The Statement of Material Facts they filed in opposition to defendants' motion for summary judgment on Count VII (referred to by plaintiffs as "Statement of Material

11

Facts 2") focussed on Mr. Baker's alleged poor health at the time he transferred property to the defendants. None of the statements asserted any tortious conduct by the defendants. At best the statements might establish the "potential" for interference, and potential is not enough:[4]

> Where a plaintiff will have the burden of proof on an essential issue at trial, and it is clear that the defendant would be entitled to a judgment as a matter of law at trial if the plaintiff presented nothing more than was before the court at the hearing on the motion for a summary judgment, the court may properly grant a defendant's motion for a summary judgment. *See Town of Lisbon v. Thayer Corp.*, 675 A.2d 514, 517 (Me. 1996); *Gerber*, 584 A.2d at 607; *see also* M.R. Civ. P. 50(a). To avoid a judgment as a matter of law for a defendant, a plaintiff must establish a *prima facie* case for each element of her cause of action. *See Fleming v. Gardner*, 658 A.2d 1074, 1076 (Me. 1995). *A judgment as a matter of law in a defendant's favor is proper when any jury verdict for the plaintiff would be based on conjecture or speculation. See id.; Barnes v. Zappia*, 658 A.2d 1086, 1089 (Me. 1995).

*Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶9, 711 A.2d 842, 845. (emphasis added)

To meet the required proof of tortious conduct, plaintiffs have attempted to establish a presumption of undue influence by alleging that there was a confidential relationship between Mr. Baker and his wife, his step-daughter and/or Mr. Keaveney. In support of that allegation, plaintiffs have cited evidence in the record to highlight Mr. Baker's recent fragile health and confusion. In their response, defendants have referred to those portions of the record that highlight Mr. Baker's mental and physical acuity.

---

[4] In addition, many statements are not supported by the record references. See, *e.g.*, Statements #55 and #57. The statements asserted by the plaintiffs are allegedly supported by the following testimony: "I believe I did, "No," and "No."

12

Given the disputes on this material issue, it would be appropriate to allow a rational fact finder to decide whether Mr. Baker had actually placed trust and confidence in one of these individuals,[5] and whether there was a great disparity of position and influence between him and that person. *Estate of Sylvester*, 2001 ME 48, ¶6, 767 A.2d 297, 299.

However, by failing to deny #10 of the Count VII defendants' Statement of Material Facts, plaintiffs have admitted that Ms. Reilly does not know what caused her father to change his mind. By failing to deny #11 and 12 of the Count VII defendants' Statement of Material Facts, plaintiffs have admitted that Ms. Reilly cannot say how Ms. Baker, Ms. Stevens, or Mr. Keaveney interfered with her expected inheritance. By failing to deny #15, 16, 17, and 18 of the Count VII defendants' Statement of Material Facts, plaintiffs have admitted that Ms. Guinan cannot present any evidence to support her claim of tortious interference. The lack of any record citations to establish *prima facie* evidence of other tortious acts, when combined with these admissions, is fatal to plaintiffs' claim of tortious interference with an expected inheritance.

In addition, even when viewed in the light most favorable to the plaintiffs, the evidence submitted does not present a *prima facie* case for the plaintiffs' claim that they would have received their inheritance but for the interference and/or undue influence of Ms. Baker, Ms. Stevens or Mr. Keaveney. Even the plaintiffs concede that, as early as 1983, Mr. Baker had already created a will that left his

---

[5] The LLCs could not have established confidential relationships with Mr. Baker.

13

property to the woman who would soon be his third wife. Since 1983, Mr. Baker has never had a will that would have transferred the property to the plaintiffs and/or their siblings.

Because the plaintiffs cannot establish a *prima facie* basis for this claim, the Count VII defendants are entitled to judgment on Count VII, as a matter of law.

### 3. Plaintiffs' Motion for Summary Judgment

Counts I, II, and III of plaintiffs' Amended Complaint are premised upon their assertion that a contract was created in 1971 and/or 1972 when Mr. Baker told them, in writing, that he would devise or otherwise transfer the property back to them at the time of his death if they transferred the property to him then. Plaintiffs' motion for summary judgment suggests that there is no question of material fact concerning this "contract," and that, as a matter of law, they are entitled to judgment against defendants.

In these proceedings, Mr. Baker has denied making any promises to his children by referring to his statements as his "intentions." However, the Statement of Material Facts he submitted in support of his motion contradicts that position, and presents uncontroverted evidence that Mr. Baker did tell his children that, if they deeded the property to him, they would get it back at his death. (Baker's Statement of Material Facts #17 and Statement #19.) With regard to plaintiffs Guinan and Reilly, this evidence might amount to "full, clear and convincing" evidence of a promise to return some of his property. *Austin v. Austin*, 135 Me.

14

155, 156, (1930). However, there remains a genuine factual dispute about how much of his property Mr. Baker promised to return. For that reason, summary judgment is inappropriate.

There is also undisputed evidence that Linda Meyer has no legal claim for the property under discussion. Ms. Meyer sold her interest in the farm to Romeo Baker for $2300. Unlike her sisters, she was unwilling to accept her father's promise that he would return the property to her at some time in the future. Because this sale precludes a finding that a contract for the return of the property existed between her and Mr. Baker, defendants are entitled to judgment as a matter of law against her on Counts I, II, and III of the Amended Complaint.

## 4. Joint Motion For Special Assignment For Trial

The case will be scheduled for trial on the next civil list. Although a special assignment cannot be made at this time, every effort will be made to give all parties sufficient notice.

### ORDER

For the reasons stated above, judgment is entered for Romeo Baker against the plaintiffs on Count VIII and all claims for punitive damages contained in the Amended Complaint. Judgment is entered for defendants Joan Baker, Julie Stevens, Francis X. Keaveney and for Parties-in-Interest Ski View LLC and Old Mountain Road LLC on Count VII of plaintiffs' Amended Complaint. Judgment is entered for all defendants against Linda Meyer on Counts I, II, and III of the Amended Complaint.

15

Mr. Baker's motion for summary judgment on Counts I, II, and III is otherwise denied, as is the plaintiffs' motion for summary judgment.

Motion for Special Assignment denied at this time.

DATED: December 12, 2001

Ellen A. Gorman
Justice, Superior Court

16

Date Filed 06-21-00  OXFORD  Docket No. CV 00-41
County

Action DECLARATORY JUDGME

MARGARET A GUINAN,
CAROLYN M REILLY,
JANE E DERLETH and
LINDA A MEYER

ROMEO BAKER, JOAN BAKER,
JULIE STEVENS AND FRANCIS X. KEAVENEY,

DEFENDANTS

AND

SKI VIEW LLC AND OLD MOUNTAIN
vs.  ROAD LLC, PARTIES-IN-INTEREST

Plaintiff's Attorney
MICHAEL K MARTIN ESQ
LINDA C RUSSELL ESQ
PETRUCCELLI & MARTIN LLP
PO BOX 9733
PORTLAND    ME    04104

JANE E. DERLETH PRO SE
1009 MEADOW LANE
ALBERTON MONTANA  59820-9408

Defendant's Attorney
KURT E OLAFSEN, ESQ.
OALFSEN & BUTTERFIELD
PO BOX 130          (ROMEO BAKER AND JOAN BAKER
PORTLAND ME   04112

PAUL F DRISCOLL ESQ.
NORMAN HANSON & DETROY LLC
PO BOX 4600          (FRANK KEAVENEY AND
PORTLAND ME 04112-4600          JULIE STEVENS)
JOHN R VEILLEUX ESQ  (SKI VIEW LLC)
NORMAN HANSON & DETROY  PO BOX 4600
PORTLAND   ME  04112-4600

| Date of Entry | |
|---|---|
| 06-21-00 | Complaint Summary Sheet filed. |
| 06-21-00 | Complaint filed. Filin Fee of $120. received. |
| 06-21-00 | Clerk's Certificate signed and filed. Attested copy taken to Registry of Deeds |
| 06-21-00 | Case File Notice mailed to L Russell Esq. |
| 06-30-00 | Clerk's Certificate signed on 06-30-00 by Donna L Howe. Attested copy taken to Registry of Deeds filed. |
| 07-13-00 | Summons and Complaint served on Party-in-interest Julie Stevens on 7-10-00 at 17 Ice House Rd., Harrison, Me by leaving a copy w/Joan Baker (her mother) filed. |
| 07-13-00 | Summons and Complaint served on Party-in-interest Frank Keaveney on 7-10-00 by leaving a copy with Joan Baker at 17 Ice House Rd., Harrison, Me filed. |
| 07-14-00 | Summons and Complaint served on Romeo Baker on 7/10/00 in hand filed. |
| 07-14-00 | Summons and Complaint served on Joan Baker on 7/10/00 in hand filed. |
| 07-25-00 | Answer of Def. Romeo Baker and Party-in-Interest Joan Baker filed. |
| 07-27-00 | Answer of Parties-In-Interest Frank Keaveney and Julie Stevens filed. |
| 07-27-00 | SCHEDULING ORDER FILED.  Dated: 7/27/00 D.D. is 3/27/01. Gorman, J. Copy mailed to L. Russell, Esq. K. Olafsen, Esq. and P. Driscoll, Esq. |
| 08-07-00 | N.O.D.S. filed.  Plffs' First Request for Production of Documents Propounded to Def. and Plffs' First Request for Production of Documents Propounded to Party-in-Interest Joan Baker served on Kurt Olafsen, Esq. by Linda Russell, Esq. on 8-4-00. |